UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States Securities and
Exchange Commission,

Civil No. 17-sc-1478 (PAM/KMM)

Plaintiff,

v.

**TEMPORARY RESTRAINING ORDER**

Mohamud Abdi Ahmed, and
2waytrading, LLC,

Defendants.

---

This matter is before the Court on Plaintiff Securities and Exchange Commission's ("SEC") Emergency Motion for a Temporary Restraining Order, Asset Freeze, and Other Ancillary Relief. On Friday, May 5, 2017, the Honorable Donovan W. Frank of this Court entered a limited TRO (Docket No. 25), pending this Court's hearing on the matter. The Court held that hearing today, at which Plaintiff appeared through counsel but Defendants made no appearance.

Based on the arguments of counsel, and all of the papers filed in support of the Motion, the Court makes the following factual findings:

A. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

B. The SEC has made a prima facie showing that Defendants have engaged in acts, practices, and transactions that constitute violations of Sections 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a); Section 10(b) of the

1

Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-6(1) and (2), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

C. There is good cause to believe that investor funds will be dissipated, concealed, or transferred from the jurisdiction of this Court, assets which could be subject to an order of disgorgement.

D. There is good cause to believe that an accounting of assets and expedited discovery is necessary, and that, unless restrained or enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

E. There is good cause to believe that an order requiring Defendants to provide a schedule identifying any individuals, clients, or investors who paid Defendants monthly fees for services and/or who provided Defendants access to brokerage or other accounts, and the accounts so accessed is necessary.

Based on these findings, **IT IS HEREBY ORDERED that**:

1. The SEC's Motion for Temporary Restraining Order (Docket No. 4) is **GRANTED**.

2. Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are

**TEMPORARILY RESTRAINED** and **ENJOINED** from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

    3.    Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are **TEMPORARILY RESTRAINED** and **ENJOINED** from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of

the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

4. Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are **TEMPORARILY RESTRAINED** and **ENJOINED** from, directly or indirectly, by the use of mails or means or instrumentalities of interstate commerce:

A. employing devices, schemes and artifices to defraud clients or prospective clients; or

B. engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon clients or prospective clients;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2).

5. Until otherwise ordered by this Court, all investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor, or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, and attorneys, are **STAYED** from:

A. commencing, prosecuting, continuing, or enforcing any suit or proceeding against or affecting any assets frozen pursuant to the Court's May 5, 2017, Order;

B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets frozen by the Court's May 5, 2017, Order, wherever situated; and

C. attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement affecting any assets frozen by the Court's May 5, 2017, Order.

6. Defendants, within three days of the issuance of this Order, shall prepare and deliver to the SEC a sworn accounting that shall consist of a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address, and account number. The accounting shall include a description of the sources and locations of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Lynn M. Dean, counsel for the SEC. After completion of the accounting, Defendants shall produce to the SEC at a time agreeable to the SEC all books, records, and other documents supporting or

underlying their accounting.

7. Any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses, or controls assets exceeding $5,000 for the account or benefit of either of the Defendants, shall within three days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held. Such a statement shall be delivered to the SEC to the attention of Lynn M. Dean, counsel for the SEC.

8. Defendants, within three days of the issuance of this Order, shall prepare and deliver to the SEC a sworn schedule that shall consist of a detailed and complete list of the following regarding any person who sought or received services or advice from Defendants or who invested monies with Defendants (a "Client"):

A. For any Clients who paid a monthly or other form of compensation or fee to Defendants, the schedule shall identify the name of the Client, the starting and ending date of the services, if any, provided by Defendants to the Client, a description of the services provided, the total amount paid by the Client, and the name of the account to which such payments were made identified by institution, branch address, and account number.

B. For any Clients who enrolled in the "Managed Small Account" or similar program, as alleged in the SEC's Complaint, the schedule shall identify: (1) the name of the Client, (2) the name of the broker-dealer that housed the

client's securities trading account, the name on the account and the account number; (3) the starting and ending date of the services provided under such a program; (4) a description of the services provided; (5) the total amount paid by the Client to Defendants, including a breakdown of how much of that amount came in the form of monthly fees, upfront or "commitment" fees, profit-sharing or any other category of payment; and (6) the name of the account to which such payments were made identified by institution, branch address, and account number.

C. The schedule shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Lynn M. Dean, counsel for the SEC. After delivery of the schedule, each Defendant shall produce to the SEC at a time agreeable to the SEC all books, records, and other documents supporting or underlying the schedule provided by Defendants.

9. The SEC's request for expedited discovery concerning Defendants, their assets and activities, is **GRANTED** and commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

A. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the parties may take depositions upon oral examination on two days' notice of any such deposition. Depositions may be taken Monday through Saturday. As

to Defendants and their agents, servants, promoters, employees, brokers, associates, and any person who transferred money to or received money from the bank, financial institution, or third-party payment processor accounts identified above, the SEC may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Deposition transcripts that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction.

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each party may serve up to ten interrogatories, including subparts, which shall be answered within three days of service of such interrogatories.

C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each party may serve document requests, and responsive documents shall be produced within three days of service of such request.

D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each party may serve no more than 20 requests for admissions, and responses shall be served within three days of such requests;

E. Pursuant to Rule 45 and the applicable provisions in the Securities Act and Exchange Act, each party may serve subpoenas to third parties, subject to approval by the Court; and

F. All discovery requests and responses may be served via email, facsimile, or by hand on counsel for the parties.

10. Nothing in this Order shall be construed to require that Defendants abandon or waive any constitutional or other legal privilege that they may have available to them.

11. The Order entered by the Honorable Donovan W. Frank on May 5, 2017, temporarily freezing assets, enjoining Defendants from taking any action with respect to any securities brokerage or similar account in which Defendants are not the named owner, and enjoining Defendants from destroying documents shall continue in full force and effect until the expiration of this Temporary Restraining Order.

12. This Temporary Restraining Order shall expire at 5:00 p.m. on May 18, 2017, unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period.

13. Defendants shall appear before the undersigned at 11:00 a.m. on May 18, 2017, in Courtroom 7D of the Warren E. Burger Federal Building and U.S. Courthouse, 316 N. Robert St., St. Paul, Minnesota, to show cause, if any, why a preliminary injunction should not be granted. Any submissions in support of the issuance of such an Order shall be filed with the Court and delivered to the offices of the Defendants or their attorneys no later than 12:00 p.m. on May 15, 2017. Any submissions in opposition to such an Order shall be filed with the Court and delivered to Lynn M. Dean, counsel for the SEC (at the SEC's Los Angeles office, 444 South Flower St., Suite 900, Los Angeles, CA 90071) no later than 12:00 pm on May 16, 2017, and any reply papers shall be filed

with the Court and delivered to opposing counsel no later than 12:00 p.m. on May 17, 2017. Should the parties wish to present witness testimony at the hearing, they shall first seek permission from the Court and inform the opposing party of the name, address, telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony at least three days before the hearing.

14. The Complaint, *Ex Parte* Motion for a Temporary Restraining Order, Asset Freeze, and Other Ancillary Relief, all pleadings, exhibits, and other papers filed in support thereof, and all Orders entered by the Court are hereby **UNSEALED**.

Dated:  May 9, 2017               *s/ Paul A. Magnuson*
                                  Paul A. Magnuson
                                  United States District Court Judge