UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States Securities and
Exchange Commission,

Civil No. 17-1478 (PAM/KMM)

Plaintiff,

v.

**PRELIMINARY INJUNCTION**

Mohamud Abdi Ahmed, and
2waytrading, LLC,

Defendants.

---

This matter is before the Court on Plaintiff Securities and Exchange Commission's ("SEC") Motion for a Preliminary Injunction, Asset Freeze, and Other Ancillary Relief. On Friday, May 5, 2017, the Honorable Donovan W. Frank of this Court entered a limited temporary restraining order ("TRO") (Docket No. 25), and on May 9, 2017, this Court expanded and extended that TRO and set the matter for a hearing on the request for preliminary injunctive relief. (Docket No. 28.) The Court held that hearing today, at which Plaintiff appeared through counsel but Defendants made no appearance. Defendant 2waytrading, LLC, has indicated its intent not to oppose the SEC's request. (Docket No. 34.)

Based on the arguments of counsel, and all of the papers filed in support of the Motion, the Court makes the following factual findings:

A. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

B. The SEC has made a prima facie showing that Defendants have engaged in acts, practices, and transactions that constitute violations of Sections 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. §§ 80b-6(1) and (2), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

C. There is good cause to believe that investor funds will be dissipated, concealed, or transferred from the jurisdiction of this Court, assets which could be subject to an order of disgorgement.

D. There is good cause to believe that, unless restrained or enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

Based on these findings, **IT IS HEREBY ORDERED that**:

1. The SEC's Motion for Preliminary Injunction (Docket No. 36) is **GRANTED**.

2. Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are **PRELIMINARILY RESTRAINED** and **ENJOINED** from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

3. Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are **PRELIMINARILY RESTRAINED** and **ENJOINED** from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

4. Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are **PRELIMINARILY RESTRAINED** and **ENJOINED** from, directly or indirectly, by the use of mails or means or instrumentalities of interstate commerce:

    A. employing devices, schemes and artifices to defraud clients or prospective clients; or

    B. engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon clients or prospective clients;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2).

5. Until otherwise ordered by this Court, all investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor, or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, and attorneys, are **STAYED** from:

    A. commencing, prosecuting, continuing, or enforcing any suit or proceeding against or affecting any assets frozen pursuant to this Order;

    B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or

creating or enforcing a lien upon any assets frozen by this Order, wherever situated; and

C. attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement affecting any assets frozen by this Order.

6. Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, including but not limited to Habsa Abdi and Abdirahman Abdi, who receive actual notice of this Order, by personal service or otherwise, are **PRELIMINARILY RESTRAINED** and **ENJOINED** from, directly or indirectly, taking any action with respect to any securities brokerage or similar account in which Defendants are not the named owner, including but not limited to, directly or indirectly: (a) requesting access to or accessing any such accounts, (b) exercising any investment discretion, as defined by Sections 3(a)(35)(A) and 3(a)(35)(B) of the Exchange Act, 15 U.S.C. §§ 78c(a)(35)(A) & (B), with respect to any such accounts, (c) requesting to exercise such investment discretion over any such accounts, (d) withdrawing, removing, transferring, or otherwise disposing of any funds, securities or other assets from any such accounts, or (e) requesting or instructing the withdrawal, removal, transfer, or other disposition of any funds, securities or other assets from any such accounts.

7. Any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses, or controls assets exceeding $5,000 for the account

or benefit of either of Defendants, shall within three days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held. Such a statement shall be delivered to the SEC to the attention of Lynn M. Dean, counsel for the SEC.

8. Except as otherwise ordered by this Court, Defendants and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert with them, including but not limited to Habsa Abdi and Abdirahman Abdi, who receive actual notice of this Order, by personal service or otherwise, are **PRELIMINARILY RESTRAINED** and **ENJOINED** from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of either of Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of either of Defendants, or their subsidiaries and affiliates.

9. Except as otherwise ordered by this Court, an asset freeze shall continue in place on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank,

financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by either of Defendants, including but not limited to the accounts listed below:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| PayPal | 2waytrading LLC (or "2-way trading LLC") | xxxxxxxxxxxxxx38539 |
| Wells Fargo Bank NA (Minnesota) | 2-way trading LLC | xxxxxx2363<br>xxxxxx2355<br>xxxxxx5634<br>xxxxxx3719<br>xxxxxx6927 |
| Wells Fargo Bank NA | Habsa M. Abdi | xxxxxx9528 |
| TD Ameritrade | 2WAYTRADING | xxxxx6866 |
| TD Ameritrade | 2WAYTRADING, LLC | xxx-xx6622 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer, or other disposal of any such funds or other assets except as otherwise ordered by this Court.

10. Except as otherwise ordered by this Court, each of Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, including but not limited to Habsa Abdi and Abdirahman Abdi, who receive actual notice of this Order, by personal service or otherwise, are **PRELIMINARILY RESTRAINED** and **ENJOINED** from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or

otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, electronic messages, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants.

Dated: May 18, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge