UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Securities and Exchange Commission,          Civ. No. 17-1478 (PAM/KMM)

    Plaintiff,

v.                                                                 **ORDER**

Mohamud Abdi Ahmed and 2waytrading,
LLC,

    Defendants.

---

This matter is before the Court on Plaintiff Securities and Exchange Commission's ("SEC") Motion for Entry of Default Judgments against Defendants Mohamud Abdi Ahmed and 2waytrading, LLC. Neither Ahmed nor a representative of 2waytrading has filed any opposition to the Motion, nor did anyone appear on their behalf at the hearing on the Motion.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The SEC's Motion for Entry of Default Judgment (Docket No. 56) is **GRANTED**;

2. Ahmed and 2waytrading, including their officers, agents, servants, employees, attorneys, or anyone in active concert or participation with them who receive actual notice of this Order pursuant to Fed. R. Civ. P. 65(d)(2), are permanently **ENJOINED** from violating 15 U.S.C. § 77q(a);

3. Ahmed and 2waytrading, including their officers, agents, servants, employees, attorneys, or anyone in active concert or participation with them

1

who receive actual notice of this Order pursuant to Fed. R. Civ. P. 65(d)(2), are permanently **ENJOINED** from violating 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5;

4. Ahmed and 2waytrading, including their officers, agents, servants, employees, attorneys, or anyone in active concert or participation with them who receive actual notice of this Order pursuant to Fed. R. Civ. P. 65(d)(2), are permanently **ENJOINED** from violating 15 U.S.C. §§ 80b-6(1) and (2);

5. Ahmed and 2waytrading, including their officers, agents, servants, employees, attorneys, or anyone in active concert or participation with them who receive actual notice of this Order pursuant to Fed. R. Civ. P. 65(d)(2), are permanently **ENJOINED** from directly or indirectly taking any action with respect to any securities brokerage or similar account in which Ahmed or 2waytrading is not the named owner, including but not limited to, directly or indirectly: (a) requesting access to or accessing any such accounts, (b) exercising any investment discretion, as defined 15 U.S.C. §§ 78c(a)(35)(A) & (B), with respect to any such accounts, (c) requesting to exercise such investment discretion over any such accounts, (d) withdrawing, removing, transferring, or otherwise disposing of any funds, securities or other assets from any such accounts, or (e) requesting or instructing the withdrawal, removal, transfer, or other disposition of any funds, securities or other assets from any such accounts;

6. Ahmed is liable for disgorgement of $282,593, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $23,634.78.

   (a) Ahmed shall satisfy this obligation by paying $306,227.78 to the Securities and Exchange Commission within 14 days after entry of this Order. Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/ offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

      Enterprise Services Center
      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mohamud Abdi Ahmed as a defendant in this action; and specifying that payment is made pursuant to this Order.

   (b) Ahmed shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this

action. By making this payment, Ahmed relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Ahmed. The SEC shall send the funds paid pursuant to this Order to the United States Treasury.

(c) The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Order. Ahmed shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

(d) Defendant's obligation to pay disgorgement, prejudgment interest, and any post judgment interest accrued in this case shall be deemed satisfied by submitting proof of entry of a Civil Asset Forfeiture Order seizing the residence at 1644 Friesian Street, Shakopee, Minnesota 55379, within one year of the date of entry of this Order, to trial counsel Lynn M. Dean at:

> Securities and Exchange Commission
> 444 South Flower, 9th floor
> Los Angeles, CA 90017

accompanied by a letter identifying the case title, civil action number, and name of this Court; Mohamud Abdi Ahmed as a defendant in this action; and specifying that the Order is being submitted in lieu of payment pursuant to this Order;

7. Ahmed is liable for a civil penalty of $184,767, pursuant to 15 U.S.C. §§ 77t(d), 78u(d)(3), and 80b-9(e). The payment instructions set forth in number 6 above govern the payment of this penalty as well;

8. Within 3 days after being served with a copy of this Order, PayPal shall transfer the entire balance of the following account(s) which were frozen pursuant to an Order of this Court to the Commission:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| PayPal | 2waytrading LLC (or "2-way trading LLC") | xxxxxxxxxxxxxx38539 |

PayPal may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. PayPal also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Order;

9. Within 3 days after being served with a copy of this Order, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer the entire balance of the following account(s) which were frozen pursuant to an Order of this Court to the Commission:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| Wells Fargo Bank NA | 2waytrading, LLC | xxxxxx2363 |
| Wells Fargo Bank NA | 2waytrading, LLC | xxxxxx2355 |
| Wells Fargo Bank NA | 2waytrading, LLC | xxxxxx5634 |
| Wells Fargo Bank NA | 2waytrading, LLC | xxxxxx3719 |
| Wells Fargo Bank NA | 2waytrading, LLC | xxxxxx6927 |

The payment instructions set forth in number 8 above with respect to PayPal shall govern this transfer as well;

10. Within 3 days after being served with a copy of this Order, TD Ameritrade ("Ameritrade") shall transfer the entire balance of the following account(s) which were frozen pursuant to an Order of this Court to the Commission:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| TD Ameritrade | 2WAYTRADING, LLC | xxxxx6866 |
| TD Ameritrade | 2WAYTRADING, LLC | xxx-xx6622 |
| TD Ameritrade | 2WAYTRADING, LLC | xxx-xx-1647 |

The payment instructions set forth in number 8 above with respect to PayPal shall govern this transfer as well; and

11. Solely for purposes of exceptions to discharge in 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Ahmed, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Ahmed under this Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Ahmed of the federal securities laws or any regulation or order issued under such laws, as set forth in 11 U.S.C. § 523(a)(19).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 30, 2018  *s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge